UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

**SUMMER BOISMIER,**
    Plaintiff,

vs.

**RYAN WALTERS,**
    Defendant.

Case No. 2023-CV-767-J

## PLAINTIFF'S COMPLAINT FOR RELIEF AND DAMAGES

### Parties, Jurisdiction, and Venue

1. Plaintiff Summer Boismier is a natural person who is currently a resident of the state of New York.

2. Plaintiff was previously a resident of Oklahoma, and was so at the time of the torts alleged herein.

3. Up until August 2022, Boismier was employed as a teacher, teaching English at Norman High School in Norman, Oklahoma, and having previously been a Teacher of the Year at Piedmont.

4. Though she is not currently teaching, Plaintiff continues to be credentialed as a teacher by the State of Oklahoma as of the time of this filing.

5. Defendant Ryan Walters is a natural person who resides in Edmond, Oklahoma, within the bounds of the Western District of Oklahoma, and is subject to service therein.

6. At the time he initiated the torts alleged herein, Defendant was a candidate campaigning for the office of Oklahoma Superintendent of Public Instruction.

7. Walters was elected to the office of Oklahoma Superintendent of Public Instruction in November 2022, with his term of office beginning on January 9, 2023. His official office is in Oklahoma City, Oklahoma, within the bounds of the Western District of Oklahoma.

8. The events leading to the filing of this civil action took place predominantly or entirely within the bounds of Oklahoma, and specifically within the Western District of Oklahoma.

## Facts and Circumstances leading to this Action

9. During the Defendant's candidacy for the office of Superintendent of Public Instruction, he made a series of widely published statements on social media, including in the form of scanned letters and videos, concerning Plaintiff Boismier.

10. At the time, Plaintiff was a teacher rather than a politician or public figure. However, Walters targeted Boismier after she engaged in First Amendment speech criticizing new laws and policies he championed, such as Oklahoma HB 1775 and book bans targeting materials that display LGBTQ tolerance or criticize white supremacy.

11. Following Plaintiff's resignation from the Norman Public Schools in August 2022, Walters signed and published two letters to his two public Twitter accounts on August 31, 2022.

12. Plaintiff placed the letters on his official Oklahoma State Seal letterhead as Secretary of Education, a political appointment he held at the time.

13. Walters published the letters on both his Superintendent campaign account and his Secretary of Education account, both of which had several hundred followers.

14. The letters published and distributed via Twitter, along with subsequent statements broadcast by Defendant via social media, contained at least the following false or misleading statements about Plaintiff:

   a. The allegation that Plaintiff had been fired from her teaching position with the Norman Public Schools.

   b. The allegation that Plaintiff distributed pornography to students, which would have been a serious and disturbing crime.

   c. The allegation that Plaintiff caused harm and shame to the entire profession of teachers by "sexualizing her classroom."

   d. The "updated letter" continued to contain the 2nd and 3rd allegation noted above, but replaced the misleading allegation that Plaintiff had been fired with a false allegation that she "resigned rather than face removal." While Plaintiff had resigned, it was not connected to any agreement, plan, or means to avoid or prevent discipline or termination, and none was pending against her.

15. Using this public and widely-followed Twitter account, Walters published the false criminal allegations so that they would ultimately be seen by thousands of people.

16. The exact number who read or saw the allegations is unknown, but the initial posts were reposted in excess of 500 time, quoted in excess of 400 times, and received over 1500 replies.

17. Immediately following Walters' statements, Boismier received numerous threatening messages and harassment that referenced the allegations made by Walters either explicitly or in substance.

18. Boismier was forced to move from her home in Oklahoma due to the threat of violence against her and emotional injury.

19. Defendant Walters made the statements deliberately in spite of their falsehood by either:
    a. Making them up on his own, knowing as such that they were false.
    b. If original made by someone else, repeating and widely-publishing them with reckless disregard for the falsehood thereof.

20. The false statements made by Walters about Plaintiff are consistent with a longer pattern of repeatedly using false sensational allegations against educators for political or personal gain or distraction from his own scandals or alleged misconduct as a state political figure.

21. The false allegations have no source known to Plaintiff other than Walters or those in his confidence or employ.

22. Prior to Walters making the false allegations, no similar allegations are known to Plaintiff to have been made against her.

23. Subsequent to Walters making the false allegations, no similar allegations are known to Plaintiff to have been made against her independent of those adopting or repeating Walters' claims.

**Causes of Action**

24. Defamation: Defendant's public statements of August 31, 2022 and subsequent dates defamed Plaintiff by knowingly or recklessly using false statements to

expose her to public hatred, contempt, ridicule, and disgrace, and by doing so, cause her emotional distress and injury to her reputation.

25. False Representation: Defendant's public statements of August 31, 2022 and subsequent dates made false representations including, but not necessarily limited to, the following false and misleading allegations:

   a. That Plaintiff was engaged in the distribution of child pornography to minors.

   b. That Plaintiff was morally unfit to teach.

   c. That Plaintiff had been fired by the Norman Public Schools.

   d. That Plaintiff had violated Oklahoma law.

   e. That Plaintiff represented a danger to minor children.

26. Slander and Libel: the statements referred to above are also actionable under 25 O.S. §§1441-1442 et seq. as slander and libel.

27. Any one of the above causes is sufficient to create the Plaintiff's right to relief and a judgment for damages in excess of $75,000.

28. The above causes are justiciable under Oklahoma state law, and as such, this Court through federal diversity jurisdiction.

## PRAYER FOR RELIEF

29. Plaintiff therefore requests this Court grant the following relief:

    a. Issue a judgment finding that Defendant is guilty of the tort(s) of defamation, false representation, slander, and/or libel.

    b. Issue a permanent injunction barring Defendant from making any further

    c. Grant Plaintiff a judgment for monetary damages in an amount in excess of $75,000 to be determined by the Court and based on damages for (1) Plaintiff's mental injury and distress from the false allegations themselves and the reasonably foreseeable public ridicule, threats, and harassment that resulted from them, (2) her loss of reputation, (3) any other monetary loss or damages found proper and compensable by the Court.

    d. Grant Plaintiff a judgment for attorney's fees and costs required for the filing and prosecution of this case; and/or

    e. Grant whatever additional relief the Court deems just and proper to bring about cessation of the violations or hold Defendant accountable for them.

30. Plaintiff reserves the right to supplement or amend this pleading as appropriate to conform to additional or subsequently discovered information or additional causes of action that accrue.

Respectfully submitted:

　s/ Brady R. Henderson　
Brady R. Henderson, Wis. Bar #1116435, Okla. Bar #21212
Cream City Law, LLC
1009 Glen Oaks, Ste. 109
Mequon, WI 53092
(414) 563-7453
brady@creamcity.law