UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SUMMER BOISMIER,**<br>     Plaintiff,<br><br>vs.<br><br>**RYAN WALTERS,**<br>     Defendant. | Case No. 2023-CV-767-J |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE ON DEFENDANT WALTERS

COMES NOW, Plaintiff Summer Boismier, by and through her undersigned Counsel of record, to request that the Court specify a time for service to be accomplished, pursuant to Fed. R. Civ. Pro. Rule 4(m). In support of this Motion, Plaintiff provides the following:

1. As of the time of this Motion, the Summons issued by this Court and the Plaintiff's Complaint are now out for service with an Oklahoma licensed process server.

2. As reported to the Court this date, the documents had not been served as of the time of filing of this Report, but based on Counsel's communication with the process server this day (December 13th) they anticipate the Defendant to be successfully served within the week despite having previous experience with Defendant Walters being "notoriously difficult to serve" in multiple recent matters.

3. Fed. R. Civ. Pro. Rule 4(m) states the following as to ensuring reasonably timely service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…

Fed. R. Civ. Pro. Rule 4(m) (additional impertinent language on foreign service and property condemnation omitted).

4. Rule 4(m) has at least two plain and unambiguous purposes pertinent to this Motion: (1) reducing delay at the beginning of litigation and (2) improving judicial economy. The Court is left to choose whether dismissal or specifying a specific time for service is the better means to accomplish these purposes.

5. The case and controversy between these parties has not been resolved, settled or mooted during the intervening time since filing. As such, should dismissal be chosen as the remedy, it would force either reconsideration and/or appellate litigation, and/or the refiling of substantially the same case, which would reset the clock for service, and necessitate additional service. This would not only fail to expedite litigation and promote judicial economy, but in fact do the exact opposite.

6. In contrast to the months of delay dismissal would create, ordering a specified time for service of as little as 10 days would provide ample time to complete service and move this litigation forward.

7. Good cause also exists to specify time for service as the delay in service relates to a health issue rather than any deliberate action to delay.

8. Additional information on these health issues can be provided to the Court on request if the Court seeks further information.

9. As such, the Court is compelled to employ the remedy of specifying time for service rather than the extreme remedy of dismissal.

WHEREFORE, Plaintiff respectfully requests that pursuant to Fed. R. Civ. Pro. Rule 4(m), the Court specify that Plaintiff complete service on Defendant Walters and file return of service with this Court no later than December 23, 2023.

Respectfully submitted:

  s/ Brady R. Henderson
Brady R. Henderson, Wis. Bar #1116435, Okla. Bar #21212
Cream City Law, LLC
1009 Glen Oaks, Ste. 109
Mequon, WI 53092
(414) 563-7453
brady@creamcity.law