IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SUMMER BOISMIER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**RYAN WALTERS,**<br><br>*Defendant.* | Case No. 5:23-00767-J |

**DEFENDANT RYAN WALTERS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ryan Walters ("Walters") moves to dismiss the claims asserted by Plaintiff Summer Boismier ("Boismier" or "Plaintiff") in Plaintiff's Complaint (ECF No. 1) ("Complaint").

### I.      INTRODUCTION

Plaintiff brought claims against Defendant Walters premised upon communications written and published by Walters regarding Plaintiff's leaving her employment as a teacher for Norman Public Schools. Plaintiff alleges a claim for defamation against Walters as well as other flavors of defamation—false representation, libel, and slander.

However, Plaintiff cannot point to any actionable false statement made by Walters, nor does she meet the standard for alleging a defamation claim as a public figure because

she does not allege any actual malice on the part of Walters. Therefore, Plaintiff has failed to state any viable claim against Walters.

For these and the other reasons set out below, Walters moves the Court to dismiss Plaintiff's claims under Rule 12(b)(6).

## II.     FACTUAL ALLEGATIONS

Plaintiff was previously employed as a teacher at Norman High School in Norman, Oklahoma but no longer teaches nor resides in Oklahoma. (Complaint, ¶¶1, 3, 4). Plaintiff alleges Walters made statements regarding her which he published on his social media accounts. (Complaint, ¶¶9, 11). Plaintiff further alleges Walters made such statements after Plaintiff criticized certain new laws and policies of which Walters was a proponent. (Complaint, ¶10).

Specifically, Plaintiff alleges "Walters signed and published two letters to his two public Twitter accounts on August 31, 2022."[1] (Complaint, ¶11). These letters were published on Walters' Secretary of Education letterhead and shared on his Twitter account. (Complaint, ¶¶12, 13). Plaintiff alleges the letters contained numerous "false or misleading statements about Plaintiff" (though Plaintiff does not delineate between which statements she asserts are false and which are misleading). (Complaint, ¶14). Plaintiff identifies the following statements as "false or misleading":

- The allegation that Plaintiff had been fired from her teaching position with the Norman Public Schools;

---

[1]     These letters are attached to the Motion to Dismiss as Exhibit 1, and Walters asserts the Court may take judicial notice of same. *See* Section II.B.3.i, *infra*.

- The allegation that Plaintiff distributed pornography to students, which would have been a serious and disturbing crime;

- The allegation that Plaintiff caused harm and shame to the entire profession of teachers by "sexualizing her classroom"; and

- The "updated letter" continued to contain the second and third allegations above, but replaced the misleading allegation that Plaintiff had been fired with a false allegation that "she resigned rather than face removal." While Plaintiff had resigned, it was not connected to any agreement, plan, or means to avoid or prevent discipline or termination, and none was pending against her.

(Complaint, ¶14). Plaintiff categorizes Walters' statements as "false criminal allegations." (Complaint, ¶15).

Plaintiff further asserts that after Walters published the letters containing these allegations to his Twitter accounts, she "received threatening messages and harassment that referenced the allegations made by Walters either explicitly or in substance" which "forced her to move from her home in Oklahoma due to the threat of violence against her and emotional injury." (Complaint, ¶¶17, 18). According to Plaintiff, Walters is the only individual known to have made such type of allegations about her. (Complaint, ¶¶21-23).

## III.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Id.* (quoting *Iqbal*, 556 U.S.

at 678)). "Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief." *Williams v. Town of Jones City*, CIV-22-773-G, 2023 WL 6381370, at *3 (W.D. Okla. Sept. 29, 2023) (quoting *Iqbal*, 556 U.S. at 679).

**B.     Plaintiff fails to state a claim for defamation.**

In order to recover for defamation, Plaintiff must prove: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damages caused by the publication. *Dawson v. Grove Pub. Sch. Dist.*, 06-CV-555TCKFHM, 2007 WL 2874831, at *4 (N.D. Okla. Sept. 27, 2007). Additionally, because Plaintiff is a public figure, she must also establish additional elements in stating a claim for defamation, including showing actual malice, which she has failed to do.[2]

**1.     Plaintiff is a public figure.**

The designation of "public figure" for purposes of a defamation claim:

> . . . may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntary (sic) injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues.

---

[2] Plaintiff conclusorily alleges to the contrary—that she "was a teacher rather than politician or public figure." (Complaint, ¶9). However, Plaintiff's conclusory statement regarding her status as a public figure is not determinative. At the time of the events alleged in her Complaint, she had been drawn into the particular public controversy referred to by Walters in his published correspondence, which caused her to assume the status of public figure for that limited purpose.

In either case such persons assume special prominence in the resolution of public questions.

*Martin v. Griffin Television, Inc.*, 1976 OK 13, ¶ 10, 549 P.2d 85, 89 (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)).

The circumstances of Boismier's leaving the teaching profession in Oklahoma drew her into a particular public controversy as news agencies reported the event and it became the subject of public discussion. As such, Plaintiff is considered a public figure for the limited range of issues on which Walters opined in the letters published to his social media.

**2.    Plaintiff has not alleged Walters acted with actual malice.**

Public figure plaintiffs have a higher burden of proof in defamation claims. *See Roberts v. Bush*, 2023 OK CIV APP 32, ¶ 15, 537 P.3d 147, 151. Such a plaintiff must show that "the defamatory falsehood was made with actual malice," which must be shown with "convincing clarity." *Id.* at 152 (citing *Miskovsky v. Oklahoma Pub. Co.*, 1982 OK 8, ¶ 13, 654 P.2d 587, 590). Actual malice requires evidence that the defendant acted with knowledge that his statements were false, or with reckless disregard of whether they were false or not. *Id.* (citing *Yates v. Gannett Co.*, 2022 OK CIV APP 41, ¶ 17, 523 P.3d 69, 77); *see also Thacker v. Walton*, 2021 OK CIV APP 5, ¶ 17, 499 P.3d 1255, 1262.

"Reckless disregard is a subjective standard, focusing on a defendant's state of mind. Mere negligence is not enough. Rather, the plaintiff must establish that the defendant in fact entertained serious doubts as to the truth of his publication or had a high degree of awareness of the probable falsity of the published information." *Krimbill v. Talarico*, 2018 OK CIV APP 37, ¶ 57, 417 P.3d 1240, 1253 (internal citations omitted).

Plaintiff has failed to meet this standard for alleging that Walters acted with actual malice. Indeed, the term "malice" does not appear once in Plaintiff's pleadings. Plaintiff alleges that "Walters made the statements deliberately in spite of their falsehood," but, as shown herein, the statements identified by Plaintiff are simply not false or are opinion statements which do not give rise to a claim for defamation. (Complaint, ¶19).

In the *Roberts* case, the court found that the plaintiff "was deficient in his duty to establish a prima facie case" where the record included only "mere allegations of falsity or recklessness." *Roberts*, 2023 OK CIV APP 32, ¶ 16. While the *Roberts* case is not directly procedurally analogous as that court was considering an anti-SLAPP motion, the court's examination of the analogous substantive issues is instructive in the present case. Plaintiff's mere allegations of falsity and Walters' recklessness do not suffice to properly allege a claim for defamation. As such, as a public figure, Plaintiff has failed to state a claim for defamation and Walters moves this Court to dismiss her claims under Rule 12(b)(6).

**3.  Regardless of her status as a public figure, Plaintiff has not properly alleged a claim for defamation because she has not shown Walters made any actionable false statements.**

Regardless of whether Plaintiff is considered a public figure, she fails to allege a claim for defamation because she cannot show that Walters made false statements which would support a defamation claim in the letters written and published by Walters.

**i.  This Court can and should take judicial notice of the letters written and published by Defendant Walters.**

Plaintiff refers to the letters written by Walters on his Secretary of Education letterhead and published on his Twitter account which contain the various allegedly

defamatory statements of which Plaintiff complains. (Complaint, ¶12-14). However, Plaintiff does not include copies of the letters nor any excerpts of the text contained in the letters with her pleading. The precise content of the letters is central to the instant litigation. As such, Walters requests the Court take judicial notice of the two letters referenced by Plaintiff.

A court's power to take judicial notice is governed by Federal Rule of Evidence 201. Under that Rule, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court must take judicial notice if a party requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

Generally, at the motion to dismiss stage, the district court must limit its analysis to the pleaded facts and should not consider matters outside the complaint. *Gossett v. Barnhart*, 139 Fed. Appx. 24, 25 (10th Cir. 2005). However, as to matters outside the pleadings that may be considered, "[t]here are three limited exceptions to this general principle: (i) documents that the complaint incorporates by reference; (ii) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (iii) matters of which a court may take judicial notice." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commissioners*, 278 F.

Supp. 3d 1245, 1259 (D.N.M. 2017) (internal citations omitted) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Plaintiff's Complaint repeatedly refers to the letters Walters wrote and published on his Secretary of Education letterhead, the substance of which is central to Plaintiff's claims. (Complaint, ¶¶12-14). Therefore, Walters requests that this Court take judicial notice of the letters he wrote and published, which are attached as Exhibit 1 to this Motion.

### ii. Walters made no actionably false statements in his letters.

Even if Plaintiff is not considered a public figure (and, therefore, the consideration of Plaintiff's failure to allege that Walters acted with actual malice becomes immaterial), she still has failed to state a claim for defamation because she has not shown that Walters made any actionable false statements.

In her pleading, Plaintiff identifies the following statements made by Walters in his letters as "false or misleading":[3]

- The allegation that Plaintiff had been fired from her teaching position with the Norman Public Schools;

- The allegation that Plaintiff distributed pornography to students, which would have been a serious and disturbing crime;

- The allegation that Plaintiff caused harm and shame to the entire profession of teachers by "sexualizing her classroom"; and

- The "updated letter" continued to contain the second and third allegations above, but replaced the misleading allegation that Plaintiff had been fired with a false allegation that "she resigned rather than face removal." While Plaintiff had resigned, it was not connected to any agreement, plan, or means

---

[3] As stated herein, Plaintiff does not identify which of the statements are allegedly false and which are allegedly misleading.

> to avoid or prevent discipline or termination, and none was pending against her.

(Complaint, ¶14).

With respect to the first statement identified by Plaintiff, that Plaintiff had been fired from her teaching position, Walters does assert in his first letter that Plaintiff was fired, but corrects such statement in his second letter, which was written and published that same day. At the very least, Walters' correction of such statement shows lack of malice—that Walters did not act with specific knowledge that such statement was false or reckless disregard to its falsity. *See Yates v. Gannett Co.*, 2022 OK CIV APP 41, ¶ 17. Plaintiff takes issue with Walters' corrected statement in his second letter, asserting that Walters' corrected language states that her resignation (a word Walters does not use in his letter) was connected to an agreement, plan, or means to avoid or prevent discipline or termination. Walters simply does not make such a statement in his letters.

With respect to the second statement identified by Plaintiff, that Plaintiff had distributed pornography to students and the weight of criminal implications pertaining to that act, Walters' letters do not include such a statement. Walters states in his letters that Plaintiff provided access to banned and pornographic material, but simply does not make the statement that Plaintiff distributed such material as Plaintiff alleges in her Complaint. This allegation cannot support a claim for defamation.

Additionally, with respect to the third statement identified by Plaintiff, that Plaintiff caused harm and shame to the entire teaching profession, such statement is an opinion statement, and not a factual statement so as to give rise to a defamation claim. Whether

such a statement one of fact or opinion is a question of law. *SSS Fence, LLC v. Pendleton*, 2023 OK CIV APP 11, ¶ 11, 528 P.3d 304, 308. Importantly, statements of opinion are not actionable. *Id*. at ¶13. Therefore, this alleged statement likewise cannot support a claim for defamation.

Because none of Walters' statements identified by Plaintiff constitute false statements so as to give rise to a claim for defamation, Plaintiff has failed to state a claim for defamation against Walters, and her claims should be dismissed accordingly.

### C. Walters' statements are protected by the common law fair comment privilege.

The fair comment defense protects statements that (1) involve matters of public concern, (2) are based on true or privileged facts, (3) represent the opinion of the speaker, and (4) are not made for the sole purpose of causing harm. *Grogan v. KOKH, LLC*, 2011 OK CIV APP 34, ¶ 39, 256 P.3d 1021, 1039. The defense of fair comment is predicated upon the principle that the interests of society are furthered through a free discussion of public affairs and matters of public interest. *Gaylord Entm't Co. v. Thompson*, 1998 OK 30, ¶ 28, 958 P.2d 128, 144.

The statements made by Walters in his letters involved the matter of public concern regarding Plaintiff Boismier and her exit from public education in Oklahoma. The opinionated statements in Walters' letters were based on facts and represent Walters' own opinion. Finally, Walters' statements in his letters were not made with the intent of causing harm, but rather with the intent of bettering the quality of public education in the State of Oklahoma.

Even though Plaintiff has not properly stated a claim for defamation against Walters, even if she had, Walters' statements in his letter are therefore protected by the common law fair comment privilege.

### D. Plaintiff's remaining claims should be analyzed the same as her defamation claim.

In order to recover for libel, a plaintiff must prove, among other things, that a defendant's statements were defamatory. *SSS Fence, LLC v. Pendleton*, 2023 OK CIV APP 11, ¶ 12, 528 P.3d 304, 308. Additionally, slander is another flavor of a claim for defamation. *See Mitchell v. Griffin Television, L.L.C.*, 2002 OK CIV APP 115, ¶ 5, 60 P.3d 1058, 1061; *Springer v. Richardson Law Firm*, 2010 OK CIV APP 72, ¶ 7, 239 P.3d 473, 475. Because Plaintiff has failed to state a claim for defamation against Walters, it follows that she has failed to state claims for libel and slander.

Additionally, to the extent Oklahoma recognizes a separate claim for false representation (which Defendant does not concede), such claim would inherently depend upon Plaintiff's alleging of specifically false statements made by Walters. Plaintiff alleges that Walters made the following "false and misleading" allegations:

- That Plaintiff was engaged in the distribution of child pornography to minors;
- That Plaintiff was morally unfit to teach;
- That Plaintiff had been fired by the Norman Public Schools;
- That Plaintiff had violated Oklahoma law; and
- That Plaintiff represented a danger to minor children.

(Complaint, ¶25). As shown herein (and as can be seen in the letters included in Exhibit 1), these are not statements specifically made by Walters in his letters (or, with respect to the comment regarding firing, was a statement Walters corrected). As such, these statements cannot form the basis of Plaintiff's defamation claim nor any claim for false representation.

Plaintiff has not alleged a viable defamation claim. Therefore, because showing the existence of a defamatory statement is central to her claims for libel, slander, and false representation (to the extent such a cause of action exists), Plaintiff's remaining claims fail under the 12(b)(6) framework and should be dismissed.

### E.     Plaintiff should be denied an opportunity to re-plead her claims.

The trial court may deny leave to amend where amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). Here, where Plaintiff cannot demonstrate Walters acted with actual malice nor demonstrate any false statements made by Walters that would give rise to a claim for defamation, any leave to amend would be futile. As such, Walters urges the Court to dismiss Plaintiff's claims with prejudice with no opportunity to re-plead.

## IV.     CONCLUSION

Plaintiff's claims asserted against Defendant Walters fail due to her failure to show any false statement that would properly support a defamation claim and because, as a public figure, she has not alleged Walters acted with actual malice in making any statement regarding Plaintiff. Her claims are legally defective with no cure available. Based on the foregoing, Walters moves the Court under Rule 12(b)(6) to dismiss with prejudice all

claims that Plaintiff has asserted against him in her Complaint (ECF No. 1) on the ground that Plaintiff has failed to state a claim for which relief may be granted.

                        Respectfully submitted,

                        */s/Timothy Davis*
                        Timothy Davis
                        Texas State Bar No. 24086142
                        Alexandra M. Williams
                        Texas State Bar No. 24107297
                        **JACKSON WALKER L.L.P.**
                        2100 Main St., Suite 2100
                        Fort Worth, TX 76102
                        (817) 334-7270 (phone)
                        (817) 334-7290 (fax)
                        tdavis@jw.com
                        amwilliams@jw.com

                        **COUNSEL FOR DEFENDANT RYAN WALTERS**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 16, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                        */s/Alexandra M. Williams*

# EXHIBIT 1



# Ryan Walters
Office of the Secretary of Education
State of Oklahoma

**Oklahoma State Board of Education:**

In light of recent events leading to the subsequent firing of Norman High School English Teacher Summer Boismier, I am asking the Oklahoma State Board of Education to revoke her teaching certificate immediately. There is no place for a teacher with a liberal political agenda in the classroom. Ms. Boismier's providing access to banned and pornographic material to students is unacceptable and we must ensure she doesn't go to another district and do the same thing. This action must be dealt with swiftly and with respect to all our kids and parents.

Teachers are one of our state's greatest assets and it is unfortunate that one of them has caused such harm and shame for the entire profession. This type of behavior will not be tolerated in Oklahoma and I speak for parents across the state who are demanding swift and immediate action.

Kids first,

Ryan Walters

Oklahoma Secretary of Education



# Ryan Walters
Office of the Secretary of Education
State of Oklahoma

**Oklahoma State Board of Education:**

In light of recent events involving Norman High School English Teacher Summer Boismier, I am asking the Oklahoma State Board of Education to revoke her teaching certificate immediately. Upon review of the situation, the teacher resigned rather than face removal. There is no place for a teacher with a liberal political agenda in the classroom. Ms. Boismier's providing access to banned and pornographic material to students is unacceptable and we must ensure she doesn't go to another district and do the same thing. This action must be dealt with swiftly and with respect to all our kids and parents.

Teachers are one of our state's greatest assets and it is unfortunate that one of them has caused such harm and shame for the entire profession.  This type of behavior will not be tolerated in Oklahoma and I speak for parents across the state who are demanding swift and immediate action.

Kids first,

*Ryan Walters*

Ryan Walters

Oklahoma Secretary of Education