UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SUMMER BOISMIER,** <br><br> Plaintiff, <br><br> vs. <br><br> **RYAN WALTERS,** <br><br> Defendant. | Case No. 2023-CV-767-J |

**PLAINTIFF'S BRIEF IN RESPONSE TO**

**DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff Summer Boismier, by and through her undersigned Counsel of record, and responds in opposition to Defendant's Motion to Dismiss (Doc. 16) as follows:

**Introduction**

Defendant's Motion to Dismiss does not provide an availing argument for dismissal. Its key contentions are based on unsupported conclusory factual assertions that Plaintiff is a public figure, make moot legal arguments that overlook the actual claims pled in her Complaint, and rely on additional

1

arguments that fail facially in either law or fact. There is nothing presented to the Court meriting dismissal, nor legally allowing it in any manner consistent with recognized law. As a start, if it were to be consistent with recognized law, Defendant's Motion to Dismiss would have to meet a high standard.

## **Standard of Review**

Defendant's 12(b)(6) Motion to Dismiss can test merely whether Plaintiff has made "a short and plain statement showing that the pleader is entitled to relief," and in doing so has pled "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The testing process for adjudicating such a motion is well-settled: Justice requires that for purposes of a 12(b)(6) motion, all of a plaintiff's factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff or plaintiffs. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992).

As such the 12(b)(6) test presents a low bar, requiring that litigation be allowed to proceed further "even if it appears that a recovery is very remote and unlikely." *Bell Atlantic*, supra, at 556, quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

Conversely, a decision to deny a plaintiff his or her day in court—not to mention the further due process of discovery, dispositive motions, and opportunities for alternative dispute resolution that precede that day—would require a high bar to be surmounted. Applied to the present case, this means that Plaintiff's claims "must survive dismissal if 'relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Dawson*, at 372, quoting *Hishon v. King of Spalding*, 467 U.S. 69, 73 (1984).

In order to support his Motion to Dismiss under 12(b)(6), Defendant must show that as a matter of law, the facts and conclusions pled by Plaintiff are facially incapable of leading to any finding in her favor, even when taken entirely as true and accurate and with all reasonable inferences drawn in her favor. See *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017). In the face of this high bar, Defendant's Motion to Dismiss does not succeed.

Out of respect for the Court's time, Plaintiff will join Defendant in suggesting that Plaintiff's libel and slander claims can be treated to the same essential analysis as her defamation claim for the purposes of ruling on the Motion to Dismiss.

## Argument

I. **Defendant's assertion that Boismier is a public figure is unsupported by the record.**

As noted above in discussing the appropriate standard of review, the factual record before the Court at this juncture consists of what is contained within Plaintiff's Complaint. Not only are Plaintiff's factual allegations accepted as true at this point for the purpose of deciding a 12(b)(6) motion, but Defendant has not yet filed any Answer or other document with the Court that offers any additional facts, or shall we say "alternative facts," for the Court's consideration. Absent any such pleadings so far—such as, for example, affidavit(s), declaration(s), or an Answer—the legal conclusion that Defendant seeks must find support in Plaintiff's Complaint itself or in the actual letters that Defendant has admitted to writing and publishing.[1]

It does not.

The only factual assertions the Motion to Dismiss appears to make about what Boismier could have done to become a public figure are the following. First:

---

[1] Plaintiff has no objection to the Court taking judicial notice of the contents of the letters included as Exhibits 1 and 2 in Defendant's Motion to Dismiss. They are indeed an integral part of the case.

> At the time of the events alleged in her Complaint, she had been drawn into the particular public controversy referred to by Walters in his published correspondence, which caused her to assume the status of public figure for that limited purpose.

Def. Mot. to Dismiss (Doc.16) at 4, fn 2. Second:

> The circumstances of Boismier's leaving the teaching profession in Oklahoma drew her into a particular public controversy as news agencies reported the event and it became the subject of public discussion. As such, Plaintiff is considered a public figure for the limited range of issues on which Walters opined in the letters published to his social media.

The position of Defendant Walters that Boismier is a public figure by virtue of "the circumstances of [her] leaving" is not developed or supported further in terms of what, if anything, Defendant Walters alleges Boismier did to become a public figure other than quitting her job and/or being targeted by Walters for the defamatory statements themselves. Nothing else is provided or cited by Defendant's Motion to substantiate the affirmative defense Walters claims.

    Conversely, it is not disputed that Plaintiff was a local teacher rather than a person of widespread fame or celebrity. Defendant's Motion to Dismiss does not allege the Boismier was a public figure in general; only that something undefined made her one for purposes of an undefined set of issues.

## II. Even if Boismier were found to be a public figure, it is moot since she alleges that Walters either knew his communications to be false or made them with reckless disregard to truthfulness or falsehood.

Even if we assume that falsely accusing her of being fired in disgrace and giving children pornography was somehow within the scope of "issues" on which Boismier had achieved the status of public figure merely by resigning a teaching position, it would be moot. Defendant's Motion to Dismiss glosses over or ignores that Plaintiff's claims do not rely on negligence on Defendant's part, nor even allege it as a plausible cause for the false statements he published.

Boismier's claim explicitly rests on two claims of causation, pled in the alternative pending discovery and trial:

> 19. Defendant Walters made the statements deliberately in spite of their falsehood by either:
> 
>     a. Making them up on his own, knowing as such that they were false.
> 
>     b. If original[y] made by someone else, repeating and widely-publishing them with reckless disregard for the falsehood thereof.

Complaint (Doc. 1) at 5, ¶19. Status as a public figure does not render Boismier, or anyone else for that matter, unprotected from defamation. It merely requires them

to prove more than mere negligence to establish a defendant's liability. *New York Times Co. v. Sullivan*, 376, U.S. 254 (1964).

As originally established by the seminal decision in *New York Times v. Sullivan*, a public figure or public official must prove that a false statement "was made with 'actual malice' – that is, with knowledge that it was false or reckless disregard of whether it was false or not." *NY Times v. Sullivan,* 376 U.S. at 279-280. As Plaintiff's Complaint plainly asserts, the circumstances surrounding Walters' statements in the present case support reckless disregard or deliberate fabrication by Walters rather than mere negligence leading to the accidental publication of a falsehood.

Defendant's Motion points out that Plaintiff's Complaint does not use the words "actual malice." This is both correct and meaningless. "Actual malice" is a term describing a legal conclusion. Plaintiff has pled the actual specific elements that it define it.

Moreover, Plaintiff's claims supporting a conclusion of actual malice are more than mere bare allegations of the term's constituent elements. Plaintiff's Complaint contains a further four paragraphs describing additional facts and

circumstances supporting the claims of reckless disregard and/or deliberate fabrication of Walters' statements rather than negligence or accident. To wit:

20. The false statements made by Walters about Plaintiff are consistent with a longer pattern of repeatedly using false sensational allegations against educators for political or personal gain or distraction from his own scandals or alleged misconduct as a state political figure.

21. The false allegations have no source known to Plaintiff other than Walters or those in his confidence or employ.

22. Prior to Walters making the false allegations, no similar allegations are known to Plaintiff to have been made against her.

23. Subsequent to Walters making the false allegations, no similar allegations are known to Plaintiff to have been made against her independent of those adopting or repeating Walters' claims.

Complaint (Doc.1) at 6, ¶¶20-24.

Ultimately the issue of whether Walters did act with actual malice by either (1) knowingly fabricating the statements against Boismier, or (2) taking them from another source in his employ or confidence and then spreading them with reckless disregard, is a question of fact for the Court. That is precisely why a Motion to Dismiss is quite clearly not an appropriate means to dispose of it.

## III. Walters' statements cannot meet the elements for preemptory protection under "truth" or a fair comment privilege.

Finally, Defendant's Motion to Dismiss makes two arguments that are incorrect on their face. The first of these is the assertion that there are no actionable false statements in the present case. This argument is facially and fatally flawed in at least two ways: First, it addresses only the two letters Walters wrote rather than other statements surrounding and following them, which as the Complaint asserts, took the form of social media and video.

Second, the Motion to Dismiss claims the letters contain no false statements even though the Defense plainly admits to at least of them—the false allegation that Boismier was fired. Defendant's Motion alleges that this statement was corrected quickly, but in doing so, appears to admit that it was both made, and wrong. Subsequent claims in the Motion that purport to dispute the actual allegations Walters made in his letters descend into semantic arguments that even if taken seriously demonstrate only that there are likely to be factual disputes in the case over what was meant by specific statements that Walters made. For example, the Motion to Dismiss supports its claim that Walters never accused

Boismier of distributing pornography to students by asserting that Walters was merely saying that Boismier "provided access" to them. Def. Mot. (Doc. 16) at 9.

Defendant's assertion of the common law fair comment privilege likewise fails on its face, at least for purposes of a preemptory motion to dismiss. First, it requires at least two unproven factual elements among its four conjunctive requirements—that a defendant's statements were "based on true or privileged facts," and that they were "not made of the sole purpose of causing harm." *Grogan v. KOKH*, 256 P.3d 1021 (Okla. Civ. App. 2011). No facts have been placed into the record to show either, much less preclude the contrary showings by Plaintiff, which would be required to support a 12(b)(6) dismissal.

If the fair comment privilege could be at issue in this case, it would be later on summary judgment or trial. Even then, it would likely require at least overlooking that Oklahoma law does not recognize this type of privilege when it was been abused by making statements that are knowingly false or in reckless disregard of their falsehood. *Wright v. Haas*, 586 P.2d 1093 (Okla. 1978). This standard has been found to be "analytically identical" to that of *New York Times v. Sullivan*, discussed above. *Le Baud v. Frische,* 156 F.3d 1243 (10th Cir. 1998).

## **Conclusion**

As stated above, replacing the entire truth-seeking process of the Court and constitutional role of a judge or jury with a one-page, cursory dismissal cannot be done lightly.  Defendant Walters' Motion to Dismiss lacks the necessary weight. As such, Plaintiff respectfully requests that this Court decline Defendant's invitation to allow him a free preemptive pass to avoid any further legal scrutiny or accountability for the actions described in Plaintiff's Complaint.

Respectfully submitted:

    s/ Brady R. Henderson
Brady R. Henderson, Wis. Bar #1116435, Okla. Bar #21212
Cream City Law, LLC
1009 Glen Oaks, Ste. 109
Mequon, WI 53092
(414) 563-7453
brady@creamcity.law

## CERTIFICATE OF SERVICE

I, Brady R. Henderson, Attorney for Plaintiff, hereby certify that on the day of filing, I caused the above and forgoing pleading to be served on all counsel of record in this case, via filing it with the Court's CM/ECF system.

__s/ Brady R. Henderson___