UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER BOISMIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-767-J |
| | ) |
| RYAN WALTERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Def.'s Mot.) [Doc. No. 16], to which Plaintiff responded (Pl.'s Resp.) [Doc. No. 24].[1] Defendant did not reply. Upon review of the parties' submissions, Defendant's motion is denied.

**I.   Background**

Plaintiff previously worked as a high school English teacher in Oklahoma and resigned in August 2022. (Compl.) [Doc. No. 1] at 1, 4. She alleges that following her resignation, Defendant, then Oklahoma Secretary of Education and candidate for Oklahoma Superintendent of Public Instruction,[2] "made a series of widely published statements on social media, including in the form of scanned letters and videos," aimed at her classroom instruction and departure from teaching. *Id.* at 3. These "false or misleading statements," which "forced [Plaintiff] to move from her home in Oklahoma due to the threat of violence against her," include that Plaintiff "had been fired from her teaching position with the Norman Public Schools"; "distributed pornography to students, which would have been a serious and disturbing crime"; "caused harm and shame to the entire

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] Defendant was elected as Superintendent of Public Instruction in November 2022.

profession of teachers by 'sexualizing her classroom'"; and "'resigned rather than face removal.'" *Id.* at 4–5.  Ultimately, Plaintiff claims that Defendant committed defamation "by knowingly or recklessly using false statements to expose [Plaintiff] to public hatred, contempt, ridicule, and disgrace."[3]  *Id.* at 6–7.

Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  He argues that "Plaintiff cannot point to any actionable false statement made by [Defendant], nor does she meet the standard for alleging a defamation claim as a public figure because she does not allege any actual malice on the part of [Defendant]."  Def.'s Mot. at 1–2.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true," and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (internal quotation marks omitted).  "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims."  *Id.*

---

[3] Plaintiff also asserts claims of false representation, libel, and slander, *see* Compl. at 7, which Defendant characterizes as "other flavors of defamation," Def.'s Mot. at 1.  Plaintiff concedes that these claims are subject "to the same essential analysis as her defamation claim."  Pl.'s Resp. at 3.

2

### III.  Analysis

#### A.  Defamation Claims Under Oklahoma Law

To establish defamation under Oklahoma law, a private figure must prove four elements: "(1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher[,] and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Mitchell v. Griffin Television, LLC*, 60 P.3d 1058, 1061 (Okla. Civ. App. 2002).  If the plaintiff is a public figure—as Defendant suggests is the case here—she "must [also] prove by clear and convincing evidence that the allegedly false defamatory publication was made with actual malice."  *Herbert v. Okla. Christian Coal.*, 992 P.2d 322, 328 (Okla. 1999) (internal quotation marks omitted).  Actual malice requires that a false statement be made with "knowledge that it was false or with reckless disregard of whether it was false or not."  *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).

#### B.  Public-Figure Status

In *Gertz v. Robert Welch, Inc.*, the Supreme Court identified two types of public figures: (1) all-purpose public figures, who occupy "positions of such persuasive power and influence that they are deemed public figures for all purposes," and (2) limited-purpose public figures, who achieve their status by "thrust[ing] themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved."  418 U.S. 323, 345 (1974); *see also World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1136 (10th Cir. 2006) (differentiating all-purpose and limited-purpose public figures).  Defendant contends that Plaintiff qualifies as a limited-purpose public figure and was thus required, yet failed, to allege that Defendant acted with actual malice.  He first argues that "[t]he circumstances of [Plaintiff's]

leaving the teaching profession in Oklahoma drew her into a particular public controversy as news agencies reported the event and it became the subject of public discussion." Def.'s Mot. at 5; *see also id.* at 4 n.2 ("At the time of the events alleged in [Plaintiff's] Complaint, she had been drawn into the particular public controversy referred to by [Defendant] in his published correspondence, which caused her to assume the status of public figure for that limited purpose."). He then notes that "the term 'malice' does not appear once in Plaintiff's pleadings." *Id.* at 6.

At this stage of the proceedings, the Court finds the record is simply insufficient to determine whether Plaintiff qualifies as a limited-purpose public figure. Of course, if the case proceeds to summary judgment or trial, more factual development may show that Plaintiff qualifies as a public figure. Presently, however, with little to no evidence of Plaintiff's reportedly notable departure from teaching, the Court is unable to conclude that she is a public figure for purposes of her defamation claim.

But even assuming that Plaintiff is a public figure, she has alleged, albeit without use of the word "malice," that Defendant "made the statements deliberately in spite of their falsehood" by either "[m]aking them up on his own, knowing as such that they were false," or "repeating and widely-publishing them with reckless disregard for the falsehood thereof." Compl. at 5. In support, Plaintiff asserts, among other things, that Defendant's "false statements . . . are consistent with a longer pattern of repeatedly using false sensational allegations against educators for political or personal gain or distraction from his own scandals or alleged misconduct as a state political figure." *Id.* at 6. Thus, to the extent that a showing of actual malice is required in this case, the Court finds that actual malice is sufficiently alleged at Defendant.

### C. Falsity

Defendant next attacks Plaintiff's failure to "show[] that [he] made any actionable false statements." Def.'s Mot. at 8. In support, Defendant does not claim that his statements were factually true but, instead, suggests principally that Plaintiff's inability to recite his statements with complete precision warrants dismissal. *See id.* at 9. As one example, he differentiates his *actual* statement that Plaintiff "provided access to banned and pornographic material" from his *alleged* statement that Plaintiff "distributed" pornographic material.[4] *Id.*

In short, the Court is unconvinced that Plaintiff's failure to precisely repeat Defendant's statements warrants dismissal. And in liberally construing Plaintiff's complaint and drawing all reasonable inferences in her favor, the Court finds that she has sufficiently alleged that Defendant made false and defamatory statements.

### D. Common Law Fair Comment Privilege

Lastly, Defendant maintains that his statements "are protected by the common law fair comment privilege." *Id.* at 10 (bolding omitted). "Fair comment is a common law defense to a defamation action. The principle affords legal immunity for comment by any and all members of the public and extends to virtually all matters of legitimate public interest." *Magnusson v. New York Times Co.*, 98 P.3d 1070, 1074 (Okla. 2004) (internal footnotes omitted). A statement is protected under the fair comment privilege where it (1) involves a matter of public concern; (2) is based on true or privileged facts; (3) represents the opinion of the speaker; and (4) is not made for the sole purpose of causing harm. *See id.* at 1075.

---

[4] Defendant includes with his motion copies of two letters, written and published by Defendant, that contain statements regarding Plaintiff. *See* Def.'s Mot. at 15–16. The parties agree that the Court should take judicial notice of these documents, *see id.* at 6–8; Pl.'s Resp. at 4 n.1, and the Court does so here.

The Court declines to apply the fair comment privilege at this stage of the proceedings. Most notably, Defendant fails to sufficiently discuss, much less prove, that his statements were based on true or privileged facts.[5]

## IV.     Conclusion

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 15th day of April, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Defendant couches his statements as commentary on Plaintiff's "exit from public education in Oklahoma." Def.'s Mot. at 10. While this may be true in a broad sense, he does not explain how his specific allegations—including, for example, that Plaintiff provided her students access to pornographic materials—were based in truth. *See Gaylord Ent. Co. v. Thompson*, 958 P.2d 128, 145 n.64 (Okla. 1998) ("Ordinarily a defendant [relying on the common law fair comment privilege] must prove that the facts on which the comment is founded are true.").