## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

<table>
<tr><td>

SUMMER BOISMIER,

    *Plaintiff*,

v.

RYAN WALTERS,

    *Defendants*.

</td><td>

Case No. CIV-23-767-J

</td></tr>
</table>

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ryan Walters ("Mr. Walters") respectfully presents this Answer to Plaintiff's Complaint (the "Complaint"). Unless otherwise noted, paragraphs one (1) through twenty-eight (28) in this Answer correspond to the same numbered paragraphs in the Complaint.

### Parties, Jurisdiction, and Venue

1.    Mr. Walters lacks sufficient personal knowledge to admit or deny that Summer Boismier ("Ms. Boismier" or "Plaintiff") is currently a resident of New York, City and therefore denies the same.

2.    Mr. Walters admits that Plaintiff was previously a resident of Oklahoma, but Mr. Walters denies that any torts were committed. Because Mr. Walters denies any torts were committed, the remainder of Paragraph 2 is denied.

3.    Mr. Walters admits Complaint Paragraph 3.

4.      As of the time of the filing of the Complaint, Mr. Walters admits that Plaintiff was credentialed as a teacher by the State of Oklahoma. Mr. Walters does not have knowledge or information sufficient to admit or deny that Plaintiff is not currently teaching, and therefore denies the same.

5.      Mr. Walters admits Complaint Paragraph 5.

6.      Mr. Walters denies that he initiated any torts alleged in the Complaint, and Mr. Walters therefore must also deny any statement regarding timing in Complaint Paragraph 6. Subject to the foregoing, Mr. Walters admits that he was a candidate campaigning for the office of Oklahoma Superintendent of Public Instruction. The remainder of Complaint Paragraph 6 is denied.

7.      Mr. Walters admits Complaint Paragraph 7.

8.      Mr. Walters denies that there are any events that should have led to the filing of this civil action. Mr. Walters also notes that "the events" is vague and if "the events" references anything outside the allegations in the Complaint, Mr. Walters does not have sufficient knowledge or information to admit or deny. Therefore, Mr. Walters must deny this Complaint Paragraph 8. To the extent "the events" are detailed in other paragraphs of the Complaint, Mr. Walters addresses the same in turn throughout this Answer, some of which address locale. Subject to the foregoing, Mr. Walters admits that he resides in the Western District and that his office is in the Western District, as also addressed above in Paragraphs 5 and 7.

**Facts and Circumstances Leading to this Action**

9.      Mr. Walters admits that while he was a candidate campaigning for Oklahoma Office of Superintendent of Public Instruction, he made posts concerning the Plaintiff on social media. Mr. Walters denies the remainder of Complaint Paragraph 9 including, but not limited to, that he made a "series" of posts or that they were "widely published."

10.     Mr. Walters assumes that "at the time" refers to during Mr. Walters campaign for the office of Superintendent of Public Instruction. To the extent that the Complaint intends the word "politician" to mean a candidate or holder of political office, Mr. Walters admits that Plaintiff was not a politician during Mr. Walters candidacy for the office of Superintendent of Public Instruction. To the extent the Complaint intends the word "politician" to mean or include the meaning of political activist or one pushing or supporting a political idea or agenda, Mr. Walters denies that Plaintiff was not a politician. Similarly, the definition of "public figure" is open to many interpretations, including subjective ones, and Mr. Walters therefore must deny that Plaintiff was not a public figure during the referenced timeframe. Mr. Walters denies that he "targeted" Plaintiff. This Paragraph 10 of the Complaint defines the referenced speech as "First Amendment speech," which is a legal conclusion and is denied. Mr. Walters denies the remainder of this Paragraph 10 except for those items specifically admitted in this paragraph of the Answer.

11.     Mr. Walters admits Complaint Paragraph 11.

12.     Mr. Walters admits Complaint Paragraph 12.

13.     Mr. Walters admits Complaint Paragraph 13.

14.     Mr. Walters denies that any of the referenced statements in Paragraph 14, including its subparts (a)-(d), were false or misleading, and therefore must deny the entirety of Paragraph 14, including its subparts. Mr. Walters posted a correction or retraction of some of the statements about which Plaintiff complains.

15.     Complaint Paragraph 15 references "this public and widely-followed Twitter account," but it does not indicate what account is specifically referenced. Additionally, Mr. Walters denies he published any false criminal allegations. For these reasons alone, Mr. Walters denies Paragraph 15 in its entirety.

16.     Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 16 and denies those allegations on that ground.

17.     Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 17 and denies those allegations on that ground.

18.     Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 18 and denies those allegations on that ground.

19.     Mr. Walters denies Complaint Paragraph 19, including its subparts, (a) and (b).

20.     Mr. Walters denies Complaint Paragraph 20.

21.     Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 21 and denies those allegations on that ground.

22.    Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 22 and denies those allegations on that ground.

23.    Mr. Walters lacks information sufficient to admit or deny the allegations in Complaint Paragraph 23 and denies those allegations on that ground.

## Causes of Action

24.    Mr. Walters denies Complaint Paragraph 24.

25.    Mr. Walters denies Complaint Paragraph 25.

26.    Mr. Walters denies Complaint Paragraph 26.

27.    Mr. Walters denies Complaint Paragraph 27.

28.    Mr. Walters admits that Plaintiff's alleged causes of action are justiciable under Oklahoma state law but denies liability as also addressed throughout this Answer. Plaintiff has not demonstrated any amount in controversy exceeding $75,000.00.

## Affirmative and Other Defenses

In addition to the factual and legal denials stated above, Defendant sets forth the following affirmative or other defenses to the claims contained in Plaintiff's Complaint, which claims include defamation, false representation, slander, and libel:

29.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

30.    Mr. Walters asserts the truth of statements.

31.    Mr. Walters asserts that his statements were an opinion and thus protected by applicable state and federal law.

32.     Mr. Walters is not liable to Plaintiff because the statement about which Plaintiff complains is protected by the absolute privilege for executive communications. *See, e.g., Barr v. Matteo*, 360 U.S. 564, 574–75 (1959).

33.     Mr. Walters is not liable to Plaintiff because the statement about which Plaintiff complains is protected by the common-law fair comment privilege. Mr. Walters' statements: (1) involve matters of public concern, (2) are based on true or privileged facts, (3) represent the opinion of the speaker, and (4) were not made for the sole purpose of causing harm.

34.     Mr. Walters asserts that his comments were substantially true and thus he is not liable to Plaintiff.

35.     Mr. Walters asserts that Plaintiff was a public figure and as such, she must show that he acted with malice. Mr. Walters denies that he acted with malice in connection to the statements about which Plaintiff complains.

36.     Mr. Walters pleads, adopts and incorporates the protections of 12 OKL. ST. ANN. §§ 1443.1 and 1444.1.

37.     Mr. Walters asserts the protections of the First Amendment of the Constitution of the United States of America, the Constitution of the State of Oklahoma, and the federal and Oklahoma state laws, regulations, orders, and other protections protecting the same.

38.     Plaintiff's claims for damages are barred to the extent she failed to mitigate her alleged damages.

39.     Plaintiff's claims for damages are subject to any applicable statutory cap or limit.

40.     To the extent Plaintiff's prayer for "any other monetary loss or damages found proper and compensable" includes punitive damages, such damages are barred or limited to the extent an award of punitive damages based on the facts of this case would be unconstitutional. Such a recovery would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the constitution of the State of Oklahoma and/or would amount to a denial to of due process and equal protection of the laws, especially to the extent that any such award does not bear a reasonable relationship to either (1) the degree of reprehensibility involved with Defendants' alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases.

## **Request for Relief**

Defendant Ryan Walters respectfully requests that the Court order that Plaintiff take nothing by this action and that Defendant be awarded his costs of court and such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

*/s/Timothy Davis*
Timothy Davis
State Bar No. 24086142
tdavis@jw.com

---

JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Tel: 817-334-7270

Local Counsel:

David R. Gleason
State Bar No. 31066
dgleason@moricoli.com
MORICOLI, KELLOGG AND GLEASON PC
211 N. Robinson Ave., Suite 1350
Oklahoma City, Oklahoma 73102
Tel: 405-235-3357

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on April 29, 2024, the foregoing document was filed via the Court's CM/ECF system, which has generated and delivered electronic notice of filing to all counsel of record who have consented to electronic service.

/s/Timothy Davis
Timothy Davis