#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Summer Boismier**           ) | |
|         Plaintiff,           ) | |
| v.                             ) | Case No. **23-CV-767-J** |
|                                ) | |
| **Ryan Walters**              ) | |
|         Defendant.          ) | |

#### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  July 3, 2024

Appearing for Plaintiff:  Brady Henderson

Appearing for Defendant: Tim Davis

#### Jury Trial Demanded X  -  Non-Jury Trial ☐

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    The case is a civil dispute as to whether various statements made by Defendant Walters about Plaintiff Boismier constitute actionable libel and/or defamation. Defendant Walters maintains that the various statements do not constitute libel and/or defamation, and Defendant Walters has asserted multiple defenses, including those related to his First Amendment right to free speech.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Jurisdiction has been invoked due to diversity of citizenship between the parties (the states of New York and Oklahoma, respectively). No objection to diversity jurisdiction has been made.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

- Plaintiff was previously a resident of Oklahoma
- Plaintiff was employed as a teacher, teaching English, at Norman High School
- Plaintiff was previously a teacher of the year at Piedmont
- Plaintiff is credentialed as a teacher by that State of Oklahoma at the time of this filing
    - Her certificate expires June 30, 2024
- Mr. Walters is a natural person residing in Edmond, OK, which is within the bounds of the Western district and he is subject to service there
- Mr. Walters was at one point in time a candidate campaigning for the office of Oklahoma Superintendent of Public Instruction
- Mr. Walters was elected to the office of Oklahoma Superintendent of Public Instruction office in November 2022 and took office Jan. 9, 2023
- Mr. Walters' office is in Oklahoma City, OK, which is within the bounds of the Western district
- Plaintiff was not a holder or candidate for political office while Mr. Walters was campaigning for Oklahoma Superintendent of Public Instruction
- Mr. Walters published two letters to his two public Twitter accounts on August 31, 2022
- Mr. Walters placed the above-referenced letters on his Secretary of Education letterhead
- At the time Mr. Walters made the above-referenced tweets, he was Secretary of Education

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: Plaintiff's Complaint includes the following causes of action:

   i. Defamation – Plaintiff claims that Defendant defamed her by a series of public statements from August 31, 2022, by knowingly and recklessly usings false statements to expose her to public hatred, contempt, ridicule, and disgrace.

   ii. False Representation – Plaintiff claims that Defendant made the following false and misleading allegations against her in published statements beginning on August 31, 2022, in which he claimed that Plaintiff was (1) engaged in the distribution of child pornography to minors, (2) morally unfit to teach, (3) had been

    fired from her teaching job by the Norman Public Schools, (4) had broken the law, and (5) represented a danger to minor children.

   iii. Slander and Libel (under Oklahoma state statute 25 O.S.§§1441-1442. Plaintiff claims that Defendant committed an actionable violation of these statutes via the creation and publication of the statements summarized above.

    Damages in excess of $75,000 are claimed under theories of emotional distress and injury to professional reputation. In addition, Plaintiff seeks injunctive relief and a judgment for attorney's fees should she prevail.

  b. <u>Defendant</u>: Defendant is not asserting affirmative claims at this time. Defendant is not alleging damages at this time. Defendant may seek, and reserves the right to seek, costs and fees as permissible.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes   ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

No motions are pending at this time.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes ☒ No
If "no," by what date will they be made? ___7-10-2024_____

8. **PLAN FOR DISCOVERY**.

  A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on ____6-20-2024____.

  B. The parties anticipate that discovery should be completed within _8__

40792579v.1

months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____8 months_____.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same. _____N/A_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan. _____N/A_____

9. **ESTIMATED TRIAL TIME**: _____4 days_____

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good        ☐ Fair        ☒ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes    ☐ No

40792579v.1

      B.      The parties request that this case be referred to the following ADR process:

           ☐ Court-Ordered Mediation subject to LCvR 16.3
           ☐ Judicial Settlement Conference
           ☐ Other _____
           ☒ None - the parties do not request ADR at this time.

13.    <u>Parties consent to trial by Magistrate Judge?</u>  ☐ Yes  ☒ No

14.    <u>Type of Scheduling Order Requested</u>.  ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this _____ day of _____.

                                      ____s/Brady Henderson_____
                                      Counsel for Plaintiff


                                      ____s/Tim Davis_____
                                        Counsel for Defendant