**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Summer Boismier,<br><br>Plaintiff,<br><br>v.<br><br>Ryan Walters,<br><br>Defendant. | Case No. 23-CV-767-J |

**DEFENDANT RYAN WALTERS' REPLY BRIEF**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

David R. Gleason, OBA #31066
Moricoli Kellogg & Gleason, P.C.
One Leadership Square, Suite 1350
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 235-3357
Facsimile: (405) 232-6515
dgleason@moricoli.com
**COUNSEL FOR RYAN WALTERS**

**TABLE OF CONTENTS**

**I. RESPONSE TO PLAINTIFF'S STATEMENT OF PROPOSED ADDITIONAL MATERIAL FACTS ........ 1**

**II. RESPONSE TO PLAINTIFF'S ARGUMENT ........ 2**

**1. Public School Teachers Are Public Officials Under Oklahoma Law ........ 2**

**2. The *New York Times* standard is applicable to all defamation suits brought by public officials and public figures – not just press defendants ........ 3**

**3. Walters' Statements are Privileged under Oklahoma Law ........ 6**

**4. Under the Oklahoma Governmental Tort Claims Act (GTCA) Walters is immune from liability for torts ........ 9**

**III. CONCLUSION ........ 10**

# TABLE OF AUTHORITIES

**CASES:**

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242 (1986) .......... **4**

*Angel v. Bullington*,
330 U.S. 183 (1947) .......... **3**

*Barr v. Matteo*,
360 U.S. 564 (1959) .......... **8**

*Haberman v. Hartford Ins. Group*,
443 F.3d 1257 (10th Cir. 2006) .......... **3**

*Herbert v. Oklahoma Christian Coalition, Inc.*,
1999 OK 90 .......... **4, 5**

*Hoffman v. Washington Post Co.*,
433 F. Supp. 600 (D.C. Cir. 1977) .......... **5**

J*ohnson v. Corinthian TV Corp.,*
1978 OK 88, 583 P.2d 1101 .......... **2**

*Jurkowski v. Crawley*,
1981 OK 110 .......... **4, 5**

*Luper v. Black Dispatch Publ. Co.*,
1983 OK CIV APP 54 .......... **3**

*Mitchell v. Griffen Television, LLC*,
60 P.3d 1058 .......... **6**

*Peterson v. Grisham*,
594 F.3d 723 (10 Cir. 2010) .......... **7**

*St. Amant v. Thompson*,
390 U.S. 727 (1968) .......... **3**

*Varanese v. Gall,*
*518 N.E.2d 1177 (Ohio 1988)* .......... **5**

*Wilson v. City of Tulsa*,
2004 OK CIV APP 44 .......... **9**

*Wright v. Grove Sun Newspaper Co., Inc.*,
1994 OK 37 .......... **8**

**STATUTES:**

Okla. Stat. tit. 12, § 1443.1 .......... **6, 7, 8**

Okla. Stat. tit. 51, § 152.1 .......... **9**

Okla. Stat. tit. 70, § 3-104.3-104.4 .......... **7**

Okla. Stat. tit. 70, § 3-118 .......... **7, 8**

Okla. Stat. tit. 70, § 11-103.6 .......... **7**

Defendant Ryan Walters ("Walters") provides the following Reply to Plaintiff's Response [Doc. 43] to Walters' Motion for Summary Judgment [Doc. 37]. Plaintiff has failed to meet her burden to demonstrate that any genuine issue of material fact exists to preclude summary judgment. Her Response relies on unsupported factual assertions, mischaracterizations of the law, and legally irrelevant arguments, rather than admissible evidence. Indeed, Plaintiff has not identified a single witness or exhibit that could sustain her claims at trial. Walters' Motion should be granted.

## I. RESPONSE TO PLAINTIFF'S STATEMENT OF PROPOSED ADDITIONAL MATERIAL FACTS.

1. Disputed and irrelevant. No evidentiary materials support the assertion that Walters has "made public statements evincing or reflecting personal malice toward career educators including Plaintiff." This statement is nothing more than Plaintiff's argument.

a. The terms of the statement which Walters made regarding the state teacher's union in May of 2023 speak for themselves and are totally irrelevant. Walters' disagreements with the teacher's union have nothing to do with Plaintiff or this case. Nor is any evidence provided that Plaintiff is a member of any teacher's union.

b. The terms of the statement which Walters made regarding the New Orleans terrorist attack in 2025 speak for themselves and are irrelevant. Nowhere in the linked video does Walters state that educators are responsible for the terrorist attack. Additionally, the statements in this video do not refer to Plaintiff, have any bearing on any statement which Walters made about Plaintiff, and occurred nearly two and a half years after the statements at issue in this lawsuit.

2. The terms of the letters speak for themselves. The August 31, 2022, *USA Today* article cited by Plaintiff merely reports on the statements made in Walters' letters attached at Doc. 37-15 to Walters' Motion for Summary Judgment. Plaintiff provides no evidence or assertion of any other statements made by Walters other than those in Doc. 37-15.

3. Disputed. As stated in the article, a hearing officer made an initial recommendation. As was its prerogative, the State Board of Education later declined to adopt that recommendation. The proffered article contains no statement that Walters "promised to revoke her license…without regard to evidence or analysis." This statement is unsupported by any evidentiary materials.

4. Disputed. As stated in the referenced article, the Oklahoma State Board of Education unanimously voted to revoke Plaintiff's teaching certificate in June 2024 – nearly two years after Walters' statements about Plaintiff. Plaintiff's comment that "Walters made good on this threat" is post-hoc argument – not fact – and unsupported by any evidentiary materials. If anything, the fact that the Oklahoma State Board of Education revoked Plaintiff's teaching certificate suggests that Walters believed the truth of his statements.

## II. RESPONSE TO PLAINTIFF'S ARGUMENT.

### 1. Public School Teachers Are Public Officials Under Oklahoma Law.

It is beyond dispute that **public school teachers in Oklahoma are public officials** for purposes of defamation law. Plaintiff acknowledges *Johnson v. Corinthian TV Corp.*,

1978 OK 88, 583 P.2d 1101 remains binding precedent in Oklahoma.[1] Yet to avoid the implications of this established precedent, Plaintiff criticizes the Oklahoma Supreme Court's reasoning. Regardless of her criticisms, this Court in a diversity case is required to follow Oklahoma state law. *Angel v. Bullington*, 330 U.S. 183, 192 (1947); *see also Haberman v. Hartford Ins. Group*, 443 F.3d 1257, 1264 (10th Cir. 2006) ("In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims."). Accordingly, Plaintiff must **meet the heightened burden of proving actual malice**. As shown below, this is a burden she wholly fails to satisfy.

**2. The *New York Times* standard is applicable to all defamation suits brought by public officials and public figures – not just press defendants**.

Plaintiff offers no authority for her contention that the *New York Times* standard is inapplicable because Walters is not a member of the press. The *New York Times* standard has been regularly applied where no press was involved. *See, e.g.*, *St. Amant v. Thompson*, 390 U.S. 727 (1968) (*New York Times* standard applied in suit by sheriff against candidate for office). Under the *New York Times* standard, a Plaintiff must show, by clear and convincing evidence, that Walters either (1) knew his statements were false; or (2) acted with reckless disregard for the truth.

Plaintiff provides no admissible evidence that Walters doubted the truth of his statements at the time he made them. Actual malice is not met by mere speculation or

[1] Plaintiff also cites *Luper v. Black Dispatch Publ. Co.*, 1983 OK CIV APP 54. *Luper* also recognizes that teachers are public officials under Oklahoma law.

inference. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 254-255 (1986). Yet, Plaintiff attempts to manufacture evidence of actual malice by claiming:

1. Walters harbored negative views toward teachers' unions;
2. Walters made public statements critical of her conduct; and,
3. Walters allegedly failed to conduct an investigation before commenting.

As discussed *infra*, even if Plaintiff's assertions on these matters were true, they are legally insufficient to establish actual malice. It is Plaintiff's burden to present evidence from which a reasonable jury might find that actual malice has been shown with convincing clarity. *Id*. Plaintiff fails to present any evidence whatsoever that Walters held subjective knowledge of the falsity of any statement. Instead, Plaintiff's arguments mostly focus on the "reckless disregard" element.

In order to show reckless disregard "[t]he plaintiff must demonstrate actual knowledge of probable falsity." *Jurkowski v. Crawley*, 1981 OK 110, ¶ 12; *see also id*. at ¶ 13 ("It is indispensable that the public official show actual awareness of probable falsity prior to publication even when the publication can be deemed 'reckless.'"). Thus, in order to show reckless disregard, Plaintiff is required to introduce evidence that Walters subjectively knew his statements were probably false. No evidence of Walters' subjective knowledge has been provided.

Actual malice can never be proven by showing that the speaker harbored negative feelings about the plaintiff or failed to make a sufficient investigation. "[I]ll will, hatred or a desire to injure the official is not enough to establish actual malice." *Herbert v. Oklahoma Christian Coalition, Inc.*, 1999 OK 90, ¶ 20; *see also id*. at. ¶ 35 ("[A] defendant who was

motivated to publish by the 'blackest spirt of hatred and spite' will not be liable if he subjectively believed in the truth of the statement.") (quoting *Varanese v. Gall, 518 N.E.2d 1177, 1180 (Ohio 1988))*. "Failure to conduct a thorough investigation is not a sufficient basis to establish actual malice." *Id*. at ¶ 19. "The only extent that an investigation enters into the consideration of the premises is if the investigation is made, and through it, actual knowledge is imparted." *Jurkowski*, 1981 OK 110, ¶ 12. Because the only circumstances from which Plaintiff attempts to demonstrate reckless disregard are insufficient as a matter of law, summary judgment is appropriate.[2]

Additionally, Walters' statement that Plaintiff "provid[ed] access to banned and pornographic material to students" is, based upon the evidentiary record, both reasonable and substantially true. Plaintiff does not contest that the book *Gender Queer* is pornographic. Rather, throughout her argument Plaintiff contends that she did not "distribute" the book. However, Walters' letters do not contain the term "distributed."[3]

Tellingly, Plaintiff refuses to address the actual text of the letters and whether she "provid[ed] access" to the materials. Plaintiff's own testimony before the State Board of Education indicates that she provided the QR Code to her students <u>specifically in reaction</u>

---

[2] Plaintiff notes Walters' inaccurate statement that Plaintiff was fired from Norman Public Schools. However, upon discovery and on the same day, Walters issued a correction letter. Doc. 37-15; Doc. 37-16, ¶¶ 9-12. Courts have routinely found that the publication of a prompt retraction "tends to negate any inference of actual malice." *Hoffman v. Washington Post Co.*, 433 F. Supp. 600, 604 (D.C. Cir. 1977).

[3] Plaintiff also states in argument that Walters accused her of "distributing child pornography" which is also not found in the letters or in any evidentiary materials before the Court.

to Walters' prior public statements regarding *Gender Queer*. (Undisputed Material Fact 7). Moreover, a parent of one of Plaintiff's students publicly expressed concerns about Plaintiff sharing the "Books Unbanned" program which specifically promoted the book *Gender Queer*. (Undisputed Material Fact Nos. 24-25). In that article, Plaintiff is quoted as describing the book as a "powerful text." [Doc. 37-13]. Walters' statement that Plaintiff "provid[ed] access," in light of the context of the various news reports concerning Plaintiff's actions, was reasonable. Based upon his unrefuted Declaration, Walters believed it to be true. Plaintiff provides no evidence to rebut this position and fails to demonstrate actual malice.

**3. Walters' Statements are Privileged under Oklahoma Law.**

Plaintiff suggests that the privilege established by 12 O.S. § 1443.1 is inapplicable as it only applies to a cause of action based on libel. This argument is both legally incorrect and contrary to established principles of statutory interpretation. If Plaintiff's argument were correct, then a privileged written statement would suddenly become actionable if spoken aloud, an absurd result that contradicts the statute's purpose or legislative intent.

An "unprivileged publication" is an element of any claim for defamation under Oklahoma law. *Mitchell v. Griffen Television, LLC*, 60 P.3d 1058, 1061. Because Walters' statements were privileged, no defamation claim, whether based in libel or slander, exists because the element of "unprivileged publication" is absent. Additionally, Oklahoma courts have broadened the scope of §1443.1 to extend beyond defamation. For example, the statute is applicable to intentional infliction of emotional distress and false light claims when such claims are based upon the same factual underpinnings as a defamation claim.

*Peterson v. Grisham*, 594 F.3d 723, 730 (10 Cir. 2010). All of Plaintiff's claims against Walters are based solely upon the two letters attached as Doc. No. 37-15. Therefore, all such claims, regardless of their formulation, are barred by 12 O.S. § 1443.1.

Moreover, because Walters' comments were made within the duties of his office as Secretary of Education, he is immune from Plaintiff's defamation suit. Walters' duties as Secretary of Education were derived partially from Oklahoma House Bill 1017, also known as the Education Reform Act of 1990. In that Act, the Secretary of Education has numerous duties in the context of common education including:

> (3) Monitor the efforts of the public school districts to comply with the provisions of this act and of Enrolled Senate Bill No. 183 of the 1st Session of the 42nd Oklahoma Legislature which relate to common education;
>
> (4) Identify districts not making satisfactory progress toward compliance with the provisions **and recommend appropriate corrective actions to the State Board of Education** concerning each district so identified;
>
> (5) Review and make periodic public comment on the progress and effectiveness of …the public schools of this state concerning the implementation of the provisions of this act and of Enrolled Senate Bill No. 183 of the 1st Session of the 42nd Oklahoma Legislature which relate to common education;
>
> (8) Make reports to the public concerning these matters whenever appropriate.

Title 70 O.S. § 3-118 (emphasis added). Among the topics embraced by the Education Reform Act of 1990 are school accreditation (70 O.S. § 3-104.3-104.4) and curriculum standards (70 O.S. § 11-103.6).

In addition to his sweeping duties assigned by statute, as Secretary of Education – a cabinet level position – Walters has responsibility for all aspects of public education as required by executive order. *See Executive Order 2019-01*. The duties assigned to Walters as the Secretary of Education with respect to school districts naturally extend to oversight of employees of the school districts. And 70 O.S. § 3-118 specifically directs the Secretary of Education to recommend appropriate corrective action to the State Board of Education as was done in the two letters at issue.

Title 12 O.S. § 1443.1 provides a statutory adoption of absolute immunity for public officials from defamation actions. In determining whether privilege attaches, the test is whether the activity is "within the penumbra of the official duties" of the office. *Wright v. Grove Sun Newspaper Co., Inc.*, 1994 OK 37, ¶ 7. As stated in *Wright*, public comments which (1) are "of general public interest" and (2) concern the function of the office, must be treated as official. *Id*. In *Barr v. Matteo*, 360 U.S. 564, 568-573 (1959), the Supreme Court discusses the historical development and purpose of such immunity privileges, including that the defense of such lawsuits "would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." *Id*. at 571. Those considerations are present here. First, Plaintiff admits that the statements Walters made deal with matters of public concern. (Reply, Doc. 43, at p. 28). Second, Plaintiff makes no attempt to argue that the comments upon the classroom actions of a public-school teacher were outside the penumbra of the official duties of the Secretary of Education for which he has absolute immunity pursuant to 12 O.S. § 1443.1.

**4. Under the Oklahoma Governmental Tort Claims Act (GTCA) Walters is immune from liability for torts.**

Although Plaintiff seems to argue that the Oklahoma Governmental Tort Claims Act is only applicable to suits against a state employee in their official capacity, no support is provided for that assertion because none exists. Under the Act, the State of Oklahoma has adopted the policy of sovereign immunity for all state employees. *See Wilson v. City of Tulsa*, 2004 OK CIV APP 44, ¶ 15 ("If [Defendant] was operating within the scope of his employment, he cannot be held personally liable and should not have been named in this lawsuit."). It is undisputed that Walters' statements at issue were made while he was acting as the Oklahoma Secretary of Education (UMF No. 29) and on official Oklahoma Secretary of Education letterhead (UMF No. 27). The letters are also signed by Walters as "Oklahoma Secretary of Education." [Doc. 37-15]. Plaintiff does not dispute that the Secretary of Education is an "employee" of the State of Oklahoma under 51 O.S. § 152.1. Accordingly, Walters is immune from liability for Plaintiff's claims unless his acts were outside the scope of his employment.

Plaintiff fails to provide any argument or analysis that the statements made by Walters fall outside the scope of his duties as Secretary of Education as discussed *supra*. Because the statements were made within the course of his duties, the only remaining issue under the GTCA is whether the statements were made in "good faith."

Contrary to the argument of Plaintiff, this "good faith" analysis is independent of the required First Amendment analysis. Even if the Court determines that Plaintiff is not a public official or public figure for First Amendment purposes, a separate determination

would be required to determine whether Walters is immune from liability for Plaintiff's claims under the GTCA. In this regard, Plaintiff offers no evidence to rebut the statements in Walters' Declaration that his comments about Plaintiff were made in good faith.

## III. CONCLUSION.

WHEREFORE, based upon the foregoing considerations, Plaintiff wholly fails to show that any genuine issue of fact exists which would preclude summary judgment. Walters respectfully requests the Court grant his Motion for Summary Judgment.

Respectfully Submitted,

*/s/David R Gleason*

David R. Gleason, OBA #31066
Moricoli Kellogg & Gleason, P.C.
One Leadership Square, Suite
1350 211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-3357
Facsimile: (405) 232-6515
dgleason@moricoli.com
**COUNSEL FOR RYAN WALTERS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

*/s/ David R. Gleason*